UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN KEITH RANDEL,

    Petitioner,

vs.

THOMAS L. CAREY, Warden,

    Respondent.
_____/

No. C 06-6400 PJH (PR)

**ORDER DENYING PETITIONER'S MOTION TO HAVE CASE CONSIDERED ON THE MERITS**

    This is a habeas case filed pro se by a state prisoner. An order to show cause was issued, respondent filed an answer, and petitioner filed a traverse. Petitioner then moved for a stay of proceedings to allow him to exhaust a claim based on *Cunningham v. California*, 127 S. Ct. 856, 871(2007). The initial motion was denied for failure to make the necessary showing, but a renewed motion was granted and the case was administratively closed. Petitioner has now moved to reopen the case and consider his claims on the merits.

    Petitioner presented his *Cunningham* claim to the California Supreme Court in a state habeas petition. That court denied it without prejudice to renewing it "after this court decides *In re Gomez*, S155425 . . . ." In *Gomez* the issue was whether a petitioner whose case becomes final after the decision in *Blakely v. Washington*, 542 U.S. 296 (2004), but before the decision in *Cunningham*, is entitled to the benefit of *Cunningham*. *Gomez* now has been decided, and in the affirmative; that is, habeas petitioners whose convictions became final after *Blakely* but before *Cunningham* do get the benefit of *Cunningham*. *See In re Gomez*, 199 P.3d 574, ___ (Cal. Feb. 2, 2009).

///

1   It is clear that petitioner has presented his claim to the highest state court available, but that court neither ruled on the merits of the claim nor imposed a procedural bar. In these circumstances, is the claim exhausted?

Section 2254(d) of Title 28 of the United States Code provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." The Supreme Court has not interpreted this literally however, instead holding that "once the state courts have ruled upon a claim, it is not necessary for a petitioner 'to ask the state for collateral relief, based upon the same evidence and issues already decided by direct review.'" *Castille v. Peoples*, 489 U.S. 346, 350 (1989) (quoting *Brown v. Allen*, 344 U.S. 443, 447 (1953)). As the Court said in *Castille*, "[i]t is reasonable to infer an exception [to 28 U.S.C. § 2254(c)] where the State has actually passed upon the claim . . . ; and where the claim has been presented as of right but ignored (and therefore impliedly rejected) . . . . In both those contexts, it is fair to assume that further state proceedings would be useless." *Id.*

Here, however, it is *not* fair to assume that further state proceedings would be useless, because the California Supreme Court virtually invited petitioner to file another habeas petition after *Gomez* was decided. Given that *Gomez* has now been decided, and in a way favorable to petitioner, the court concludes that he has not adequately exhausted this claim. The motion to consider the case on the merits (document number 16 on the docket) is **DENIED**.

The stay of this case remains in place to allow petitioner to renew his claim in state court, now that the California Supreme Court has ruled in *Gomez*. If petitioner is not granted relief in state court, he may return to this court and ask that the stay be lifted.

**IT IS SO ORDERED.**

Dated: February 20, 2009.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.06\RANDEL400.DENY REOPEN.wpd

2